I respectfully dissent.
In this case, Morrissey originally filed a motion for delayed appeal with our court on July 24, 1998, in a matter known as Case No. 74930, which we denied on August 17, 1998. On October 29, 1999, in the instant case known as Case No. 77179, he again moved to file a delayed appeal, which we granted on November 23, 1999.
Thus, this appeal presents the following issue: whether our court has jurisdiction to entertain this appeal, or, stated differently, how many times may a defendant in a criminal case seek leave to file a delayed appeal.
In State v. King (September 10, 1998), Cuyahoga App. No. 73874, unreported, where the defendant appealed from a post sentence motion to vacate a guilty plea, our court dismissed that appeal for failure to file a praecipe. Subsequently, the defendant filed a second notice of appeal; our court determined that because no request or order granting a delayed appeal had been filed, we lacked jurisdiction to hear the appeal.
Further, in State v. Malinchak (March 27, 1979), Franklin County App. No. 79AP-30, unreported, the tenth district considered whether a defendant in a criminal case is entitled to a second appeal from his judgment of conviction by way of a delayed appeal where the Ohio Public Defender Commission withdrew its representation of him after he filed his direct appeal.
The court there held that a defendant in a criminal case who has perfected and prosecuted a direct appeal is not entitled to a second appeal by way of a delayed appeal.
App.R. 5(A), which governs appeals by leave of court in criminal cases states in relevant part:
 After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal maybe taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *.
That rule is specific, it denominates that but one such motion shall be filed; it has no provision for successive motions for leave to file delayed appeal.
Here, our court considered Morrissey's request for a delayed appeal and denied that request on August 17, 1998; when Morrissey filed a second delayed appeal, our clerk assigned it a new appellate case number, because apparently, no search had been conducted to determine if a previous appeal had ever been filed. Hence, our court inadvertently granted the second delayed appeal.
For the reasons stated, I believe this delayed appeal should be dismissed as improvidently allowed.